IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**GERALD VAN ERT, JR.**
608 Manor Court
Altoona, WI 54720

      Plaintiff,

v.

**CHIPPEWA VALLEY TECHNICAL COLLEGE**
620 West Clairemont Avenue
Eau Claire, WI 54701

      Defendant.

Case No.: 21-cv-549

**JURY TRIAL DEMANDED**

---

# COMPLAINT

---

Plaintiff, Gerald Van Ert, Jr., through his attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather, for his Complaint against the Defendant, Chippewa Valley Technical College, states as follows:

## NATURE OF ACTION

1. Plaintiff, Gerald Van Ert, Jr., brings this action under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* ("Rehabilitation Act") and alleges discrimination based on his disabilities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because all acts or omissions giving rise to this claim occurred in this District.

4. This Court has personal jurisdiction over Defendant because Defendant's principal offices are located in this District.

## PARTIES

5. Plaintiff, Gerald Van Ert, Jr. ("Mr. Van Ert"), is an adult resident of the State of Wisconsin, residing at 608 Manor Court, Altoona, Wisconsin 54720.

6. Defendant, Chippewa Valley Technical College ("CVTC"), is a Wisconsin technical college district organized and operated under chapter 38 of the Wisconsin Statutes, and was, at all times relevant hereto, Mr. Van Ert's employer.

7. On information and belief, Defendant, CVTC, receives federal financial assistance.

## FACTUAL ALLEGATIONS

8. Mr. Van Ert began work for CVTC in 2013 as an Adjunct Fire Safety Instructor. In April 2015, Mr. Van Ert became the college's Fire Safety Center Coordinator.

9. Mr. Van Ert holds master's degrees from Columbia Southern University in Emergency Services Management and Public Administration and is state-certified in a variety of areas including: Fire Officer II, Fire Instructor III, Firefighter II, AEMT, HazMat Operations, and Certified Driver Operator. His fire and emergency

medical experience go back to 1980, and include service as Deputy Fire Chief in the City of Altoona, Wisconsin, a position that he still holds.

10. During his time in the emergency services field, Mr. Van Ert worked as an Emergency Room and ambulance EMT with Mayo Clinic and Lifeline Ambulance, as a firefighter with the Central Yavapai Fire District, and as an Emergency Manager with the City of Altoona as part of his fire department duties.

11. Mr. Van Ert is a disabled Army veteran who served from 1979 until retirement in 2010. He suffers from post-traumatic stress disorder ("PTSD"), traumatic brain injury, central vestibular dysfunction, fibromyalgia, hearing loss and back pain. Indeed, the Veterans Administration rates Mr. Van Ert as 140% disabled.

12. Mr. Van Ert functions with the assistance of his service dog, Bonnie, who he obtained in 2017 because of his worsening conditions.

13. An entity may inquire about an individual's service animal on a very limited basis.

14. In October 2017, CVTC required Mr. Van Ert to contact human resources to complete paperwork "documenting his disability" and "the determination of a need for a service dog" on campus, including a "Reasonable Request Accommodation" form.

15. In the summer of 2018, CVTC decided to combine the Fire Safety and EMS programs into one program called Emergency Services.

16. Initially, CVTC advised Mr. Van Ert that he would simply be promoted into the position of Coordinator for the combined program and that he need not re-apply.

17. Upon information and belief, other individuals have been simply promoted, including into Program Director positions within the emergency services department. Although Mr. Van Ert was the logical and best candidate for the Emergency Services Coordinator position, CVTC ultimately made him re-apply for the position.

18. Also in 2018, CVTC requested that Mr. Van Ert present about service dogs in a number of venues. He spoke about service dogs and protections for owners with disabilities in an EMS "refresher" classes (April 2018) and at a Diversity presentation to the college's Employee Inservice department (August 2018).

19. Human Resources employees in attendance at the August 2018 presentation, including Julie Neuhaus, subsequently admitted they were not aware that Mr. Van Ert should not have been required to complete the reasonable accommodation paperwork and apologized. However, by that time it was too late; this paperwork disclosed all of Mr. Van Ert's conditions and disabilities.

20. On August 30, 2018, CVTC informed Mr. Van Ert that he would not be hired into the Coordinator position. Instead, Mr. Van Ert was demoted to a Fire Service Technician position, resulting in decreased wages, hours, and lost vacation time.

21. Subsequently, CVTC stated that Mr. Van Ert was not hired into the combined program Coordinator position because he did not have the EMS experience that they wanted; he was advised that "this is the way it played out."

22. Based on his over 30 years' experience as an Army medic and civilian AEMT, the assertion that Mr. Van Ert did not have EMS experience was patently false.

23. Notably, Mark Schwartz, the individual hired into the position, only holds an associate's degree, while Mr. Van Ert holds two master's degrees. Where Mr. Schwartz had only been involved in Fire/EMS for 10 years, Mr. Van Ert's experience dated back more than 15 years. Moreover, Mr. Schwartz was not certified to be a fire degree course instructor, Fire Officer, Emergency Services Instructor II or state proctor.

24. Once Mr. Schwartz assumed his position as Emergency Services Coordinator, he required a lot of hand-holding from Mr. Van Ert. Mr. Schwartz relied on Mr. Van Ert to do many aspects of his own job, despite the fact that Mr. Van Ert was now a part-time employee and Mr. Schwartz was his supervisor.

25. In fact, Mr. Van Ert attended various events and completed numerous tasks, effectively acting as the Program Representative, including hosting exams and testing, writing teaching plans, leading tours, and communicating with vendors and area organizations.

26. As a result of performing several of Mr. Schwartz's duties and still serving in his role as Fire Services Tech, Mr. Van Ert frequently worked 40 hours, if not more. Indeed, CVTC told Mr. Van Ert that he was not to exceed 40 hours per week and refused to compensate him for some hours worked over 40.

27. Mr. Van Ert ultimately resigned on February 3, 2020.

## PLAINTIFF'S FIRST CAUSE OF ACTION:
## VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 791, *et seq.*

28. Plaintiff re-alleges and re-incorporates each and every allegation contained in the preceding paragraphs of this Complaint.

29. Mr. Van Ert's post-traumatic stress disorder ("PTSD"), traumatic brain injury, central vestibular dysfunction, fibromyalgia, hearing loss and back pain are disabilities as defined by the Rehabilitation Act, 29 U.S.C. §705(9).

30. The Rehabilitation Act, 29 U.S.C. § 794, prohibits institutions that receive federal financial assistance from engaging in employment discrimination against individuals with disabilities.

31. Defendant receives federal financial assistance.

32. Mr. Van Ert was qualified for the Coordinator position and was meeting Defendant's legitimate expectations of job performance.

33. Defendant failed to promote Mr. Van Ert into the Coordinator position because of his disabilities and instead demoted him to a Fire Services Technician position, resulting in decreased wages, hours and lost vacation time.

34. Defendant's reason for not promoting Mr. Van Ert, that he did not have the relevant experience, is clearly pretextual. Mark Schwartz, who was hired into the Coordinator position, has a lower level of education and fewer years of fire/EMS experience than Mr. Van Ert.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

A. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Mr. Van Ert as a result of Defendant's discriminatory conduct, together with interest thereon;

B. Compensatory damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C. Mr. Van Ert's costs in this action, including his reasonable attorney's fees, litigation expenses, and costs; and

D. Such other legal and equitable relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 27th day of August, 2021.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Gerald Van Ert, Jr.*


        By: */s/ Nicholas E. Fairweather*
        Nicholas E. Fairweather, State Bar No.: 1036681
        Email: nfairweather@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236